(21 App. Div. 163.)

### SCHUETZ v. GERMAN–AMERICAN REAL ESTATE CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

1. ACCOUNTING—EQUITY JURISDICTION.
   Where accounts between a corporation and its president ran through his term of office into the term of the next president, and the books were much confused, the president was entitled to an accounting in equity.

2. SAME—REMEDY AT LAW—WAIVER.
   The defense to an action in equity, that plaintiff has a perfect remedy at law, is waived unless set up in the answer.

3. CORPORATIONS—RIGHTS OF STOCKHOLDERS—INJUNCTION.
   Where a corporation threatens to sell stock on the ground that the stockholder has made a default in paying therefor, when in fact no such ground exists, the stockholder is entitled to an injunction, especially if the stock has no market value.

Appeal from judgment on report of referee.

Action by Louis Schuetz against the German-American Real Estate Company. From a judgment in favor of plaintiff, entered on the report of a referee, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles Goldzier, for appellant.

F. H. Van Vechten, for respondent.

GOODRICH, P. J. The action was brought to restrain the defendant from forfeiting certain shares of stock of the defendant corporation, owned by the plaintiff, which the defendant threatened to forfeit for nonpayment of an assessment called in May, 1893, and for an accounting and judgment for such sum as might appear to be due from defendant to plaintiff. The answer denied that any sum was due the plaintiff, claiming that the plaintiff owed the defendant $825.13 on account of such assessment, but did not allege that no ground for equitable relief was shown, nor that the court had no jurisdiction as in equity. The issues were referred to a referee, who found that the defendant was indebted to the plaintiff in the sum of $622.50, and that the plaintiff was entitled to judgment restraining action on the part of the defendant to forfeit the plaintiff's stock. From the judgment entered upon this report, the defendant appeals.

It appears from the evidence that the plaintiff was one of the originators of the scheme for which the defendant was incorporated, and for some time acted as its president. He purchased the Starke farm for $45,000, paying $10,000 in cash, and giving a mortgage of $35,000 for the balance of the purchase money. He expended about $1,000 in organizing the company and paying certain of its expenses. He then sold the farm to the defendant for $46,000. The defendant assumed the purchase-money mortgage, and credited the plaintiff with $11,000. Subsequently, the plaintiff contracted to purchase the Wheatly farm, and this contract was assigned to the defendant. The company was organized in 1892 for purchasing, holding, and selling real estate, with a capital stock of $50,000, divided into 500 shares of $100 each. The by-laws provided that one-half of the sub-

scriptions to the stock should be paid into the treasury within one year of the date of the incorporation, and the remaining half within one year thereafter, or sooner, in such intervals as the board of directors might prescribe, and that any failure to pay installments, as required by the board, should work a forfeiture of the delinquent's shares. Laws 1892, c. 688, art. 3, § 43, confers upon the corporation the right to declare subscribers' stock forfeited in case of failure to meet assessments after due notice.

A large part of the testimony relates to the condition of the accounts between the plaintiff and the defendant. It is somewhat confused and involved, but, after a careful examination, we see no reason to differ with the report of the learned referee, who, after excluding certain sums claimed by each party, has found that the defendant was indebted to the plaintiff at the time of the commencement of the action in the amount already stated. Mr. Grosse, who in 1893 succeeded the plaintiff as president, admits that, after the assessment in question was laid, and at a meeting in May, 1893, it was arranged or understood that, if the plaintiff did not pay the assessment, the board of directors would have to procure the forfeiture of his shares. There is no specific finding of fact by the referee that any such threat was made, but there is a finding as to the call for assessments. It is evident that, if the contention of the defendant that the plaintiff was indebted to it in the sum of $825.13 were true, it would have had the right to declare the plaintiff's shares forfeited; while, if plaintiff's contention were true, that the defendant was indebted to him in the sum found by the referee, —$622.50,—no such right would exist.

I think the plaintiff was justified in bringing his action in equity for an accounting, as the books were much confused, and were kept partly during his term of office and partly during Grosse's term of office as president, and, if there were doubt upon the subject, the defendant waived the objection by failing to set it up in its answer (Le Roy v. Platt, 4 Paige, 77); and that the court, having obtained jurisdiction in the action, is called upon to administer justice according to the rights of the respective parties (Taylor v. Taylor, 43 N. Y. 578). The stock of this corporation is not shown to have a market value, and it would be difficult for the plaintiff to prove his damages, if he were compelled passively to await the illegal sale of his stock, and then bring his action for such damages as he might have sustained thereby. If nothing was due upon the assessments levied upon him as a stockholder, his right to hold the stock without interference was clear and unquestionable, and he is entitled to the protection of the court to restrain the forfeiture.

Under these circumstances, the judgment should be affirmed, with costs. All concur.